530 P.2d 1298 (1975)
MAYFLOWER MORTGAGE COMPANY and Frank Polhemus d/b/a Crest Realty and Insurance Company, Assignee, Plaintiffs-Appellants,
v.
Max G. BROWN et al., Defendants-Appellees and Cross-Appellees, and
V. J. Dunton Realty Company et al., Defendants-Appellees and Cross-Appellants.
No. 73-229.
Colorado Court of Appeals, Div. II.
January 14, 1975.
*1299 Feldman & Homyak, Michael R. Homyak, Denver, Edward Eppich, Denver, for plaintiffs-appellants.
Victor E. DeMouth, Golden, for defendants-appellees and cross-appellees.
Lennart T. Erickson, Denver, for defendants-appellees and cross-appellants.
Not Selected for Official Publication.
SILVERSTEIN, Chief Judge.
Plaintiff, Frank Polhemus, doing business as Crest Realty and Insurance Co., and assignee of Mayflower Mortgage Co., sought rescission of the sale of real property to the defendants Max G. Brown and Hazel Brown Cuenin (hereinafter Cuenin), in which transaction defendants V. J. Dunton Realty Co., Evalyn Davis and Stuart Smith (the Duntons) represented Cuenin as brokers. Cuenin filed a cross-claim against the Duntons for negligence. Plaintiff originally claimed fraud and at the close of the trial to the court was permitted to amend his pleading to include the ground of mutual mistake. The court granted the rescission on the ground of breach of contract resulting from fraud or mutual mistake and, in order to restore the parties to the status quo at the time of the transaction, declared all the documents executed by the parties to be null and void, directed Cuenin to reconvey the property to Polhemus, and entered judgment against Polhemus and in favor of Cuenin for $8,421.29 as reimbursement for money expended on taxes, interest and reduction of principal indebtedness on the property. The court also entered judgment against the Duntons on Cuenin's cross-claim for negligence.
Polhemus appeals from the judgment, asserting as error the trial court's failure to award him a setoff for the rental value of property conveyed to Cuenin while she was in possession and the trial court's refusal to permit him to reopen the case following judgment, to offer evidence as to the rental value. The Duntons appeal from the judgment on the cross-claim. We affirm the judgments.
The facts pertinent to Polhemus' appeal are that Polhemus' assignor sold the subject property to Cuenin for $17,950 subject to an encumbrance of about $13,000, which Cuenin assumed. The balance of about $5,000 was evidenced by a note for about *1300 $2,000, secured by a second lien on the property sold, and a note for about $3,000, secured by what was represented to be a second lien on a separate property owned by Cuenin. This latter note was to be paid when Cuenin sold the property which secured the note. Subsequently a contract for the sale of that property was negotiated, at which time it was discovered that the lien given to Polhemus was a third lien instead of a second, whereupon the present action was brought.

I.
The trial court's judgment of rescission, in addition to cancelling the deeds dated October 4, 1968, ordered plaintiff to reimburse defendant Cuenin "for any moneys expended by way of taxes, interest, or reduction of principal indebtedness on the. . . property, which amount has been stipulated to be $8,421.29."
Plaintiff contends that it was error for the trial court to refuse, on motion after entry of judgment, to allow him an offset for the reasonable rental value of the property while Cuenin was in possession. The trial court's remarks at the close of the trial specified that any appreciation in the value of the property was to go to plaintiff as a "reasonable return on his investment." Further, defendant Cuenin was not awarded any interest on the money she paid plaintiff toward the purchase price, nor was she awarded any expenditures she may have made for improvements, maintenance or repairs to the plaintiff's property. We hold that, under these circumstances, it was not error for the trial court to refuse to award plaintiff an offset for the reasonable rental value of the property while in Cuenin's possession.
When a vendor rightfully repudiates a contract for the sale of land, he is not automatically entitled to recover against the purchaser in possession for the use and occupation of the land. See Annot., 49 A.L.R.2d 1169. In a number of cases, the extent of recovery for rent has been affected by the peculiar relationship of the parties or the circumstances involved, and the relative fault of the parties is a major factor. D. Dobbs, Handbook on the Law of Remedies, 258. When, for example, "[t]he ground for cancellation is a mutual mistake, and no demand was made by the grantor previous to filing his bill, plaintiff is not entitled to an accounting of such rents and profits, at least where the circumstances would render such an accounting inequitable." 12 C.J.S. Cancellation of Instruments § 79, b(2). In no event can an award be made to complainant for defendant's use and occupation on setting aside the conveyance without evidence sufficient to determine the value thereof. Id. The record shows there was no evidence properly before the trial court from which it could have made such a determination.
The exact form in which restitution is given is not determined by fixed rules so much as it is by the fairness of the particular case. D. Dobbs, Handbook on the Law of Remedies, 258. Where, as here, the status quo of the parties may not be completely restored, the trial court may decree, as nearly as possible, its equivalent. Dumas v. Klatt, 132 Colo. 333, 288 P.2d 642. Here the trial court made an adjustment according to the facts pleaded and the evidence in support thereof. We find no unfairness in the judgment of the trial court on plaintiff's claim.

II.
Plaintiff also contends that it was error for the trial court to refuse to reopen the case after judgment for evidence of rental value. Prior to the time plaintiff rested his case, he offered no evidence as to the property's rental value nor did he ask for an accounting for rent in the pleadings. Plaintiff's "Motion to Amend Judgment, or Reopen Case, or for New Trial" did not allege that the rental figures were newly discovered evidence which *1301 could not, with reasonable diligence, have been discovered and produced during the trial.
The reopening of a judgment, upon motion, for the taking of additional testimony is not mandatory but discretionary with the trial judge under C.R.C.P. 59(a). We find no abuse of the trial court's discretion in excluding this evidence. Error in the exclusion of evidence is not a ground for disturbing a judgment unless refusal to take such action appears to the trial court inconsistent with substantial justice, and the trial court must disregard any error which does not affect the substantial rights of the parties. C.R.C.P. 61. Since, as we have already held, plaintiff had no automatic right to be awarded the rental value of the property, the trial court properly refused to reopen plaintiff's case.

III.
Polhemus also contends the trial court erred in ruling that there was either fraud or mutual mistake, asserting that the two are mutually exclusive. He therefore wants the case remanded for a determination as to which of the grounds was relied on by the court. While there is merit to his claim that fraud and mutual mistake are incompatible theories, a remand for resolution of this issue would serve no useful purpose here. Plaintiff's prayer for rescission was granted because of the breach of the contract by the buyer. Under the circumstances of this case and the findings of the trial court, plaintiff would not be entitled to any relief in addition to that already given him, regardless of which theory would ultimately be selected by the trial court. Where the error, if any, is harmless, it does not warrant a reversal. See C.R.C.P. 61, and American National Bank v. First National Bank, 28 Colo.App. 486, 476 P.2d 304.

IV.
Turning to the Duntons' appeal from the judgment holding them liable to Cuenin for out-of-pocket expenses because of negligence, the following are the pertinent facts. Cuenin employed the Duntons, as brokers, to sell the property encumbered by the lien which gave rise to this action. When the listing agreement was entered into, Cuenin advised the Duntons that there was a first lien on the property and that a second lien may have been placed on the property by a bank from whom she had borrowed. The Duntons undertook the task of determining whether such a second lien existed. Defendant Davis, a Dunton agent, called a title insurance company and was advised by phone that only one lien existed. No record search was made. The evidence established, and the court found, that at the time of the inquiry there were in fact two liens of record on the property.
The relationship of principal and real estate broker, standing alone, does not create a duty on the part of the broker to make a record search of his principal's title. However, where the broker gratuitously undertakes by promise or conduct to perform acts of service and thereby causes another to refrain from performing such acts, he has an obligation to use care in the performance of the services or to give notice that he will not perform. Lester v. Marshall, 143 Colo. 189, 352 P.2d 786; 2 Restatement (Second) of Agency § 378. Failure to meet this obligation is tortious misconduct from which liability to the injured party arises. Lester v. Marshall, supra. Here the Duntons undertook the responsibility of determining the condition of Cuenin's title and failed to perform the service properly, and hence are liable, as found by the trial court.
Judgments affirmed.
ENOCH and RULAND, JJ., concur.